# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ENEX A. CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 5:14-cv-02197-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 18, 20 |

Presently before the court are cross-motions for summary judgment addressing the calculation of Plaintiff Enex A. Clark's ("Plaintiff") Social Security Disability Insurance benefits ("SSDI"), as provided in a final decision issued by the Commissioner of Social Security (the "Commissioner"). Dkt. Nos. 18, 20. This court reviews the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

Having now carefully considered the relevant documents submitted by both parties in conjunction with the record, the court will deny Plaintiff's motion for summary judgment and grant the Commissioner's motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History

On November 21, 2008, Plaintiff filed an application for SSDI. Administrative Transcript ("Tr.") at 11. The Social Security Administration ("SSA") rejected the application, and Plaintiff requested a hearing and appeared before an Administrative Law Judge ("ALJ"). Tr. at 113-122. At the hearing, ALJ T. Patrick Hannon found a "sufficient quantum of evidence" that Plaintiff was "less than sedentary" - effectively finding Plaintiff disabled and entitled to benefits. Id.

1

Case No.: 5:14-cv-02197-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff ultimately disagreed with the amount of benefits calculated by the SSA and filed a request for hearing on March 28, 2012. Tr. at 34. Another ALJ, Rowena E. Deloach, rendered an unfavorable decision on September 12, 2012. Tr. at 8-10. On April 25, 2014, the Appeals Council denied a request for review, and the ALJ's decision became the final decision of the SSA. Tr. at 3-5.

Plaintiff filed the instant action requesting judicial review of the Administration's decision on May 13, 2014. Compl., Dkt. No. 1. Plaintiff moved for summary judgment on September 17, 2015. Dkt. No. 18. The Commissioner filed a cross-motion for summary judgment on October 19, 2015. Dkt. No. 20.

### B. Factual Background

After Plaintiff was determined disabled by the ALJ in November, 2008, she was scheduled to receive periodic benefits beginning in May 2009.[1] Tr. at 60. However, her benefits were delayed, and the SSA sent Plaintiff a series of notices regarding benefit amounts and lump sum payments of back-benefits. Tr. at 60-87. In one of these notices, the SSA informed Plaintiff that her benefits were reduced by an offset of disability benefits she received from the State of California. Tr. at 60A. The SSA explained that the sum total of Social Security and public disability benefits cannot exceed 80% of Plaintiff's monthly average current earnings. Id. In Plaintiff's case, 80% of her average current earnings amounted to $1,320.80. Id. Since her state public disability benefit was $793.00, the SSA reduced Plaintiff's Social Security benefits by that amount, resulting in monthly payments of $527.80.[2] Tr. at 60A; Tr. at 79-82.

Plaintiff received state disability benefits for approximately five months; from May 1, 2009, to September 27, 2009.[3] Tr. at 31. However, the SSA continued to offset Plaintiff's Social

---

[1] Applicants who have been approved to receive Social Security benefits are subject to a five-month waiting period before disability benefits are actually paid. 20 C.F.R. § 404.320(b)(4).

[2] Under the Social Security Act, benefits are computed in dollars and cents but are rounded down to the dollar when paid. 20 C.F.R. § 404.408(c)(3)(i)(C).

[3] Since public disability benefits are paid weekly, Plaintiff's Social Security benefit for September,

2
Case No.: 5:14-cv-02197-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1   Security benefits after the state benefits ceased and, as a result, underpaid Plaintiff.  Tr. at 79.

2   Thus, in August 2011, the SSA made a lump sum payment of $11,499.00 to Plaintiff for back-

3   benefits.  Tr. at 86.  After the lump sum payment, the SSA adjusted Plaintiff's Social Security

4   benefits to $1,030.00, which it stated was the Total Family Benefit due to Plaintiff.[4]  Tr. at 25.

5       Plaintiff disagreed with this amount of adjusted monthly benefits.  Tr. at 131.  Before the

6   ALJ, Plaintiff stated that she was entitled to an ongoing monthly benefit equivalent to 80% of her

7   highest earnings in 2004.  Tr. at 132.  The ALJ, however, explained that the amount calculated by

8   taking 80% of Plaintiff's highest earnings is used only to determine the offset, but that Plaintiff's

9   benefit rate is calculated differently.  Tr. at 13, 134.

## II. LEGAL STANDARD

### A. Review of Commissioner's Final Decision

As indicated, this court has authority to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  When conducting such review, § 405(g) provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  Accordingly, the district court's jurisdiction is limited to determining whether the Commissioner's decision is supported by substantial evidence in the administrative record, and reversal is only appropriate where it is not supported by substantial evidence or the decision is based on legal error.  See Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) ("We uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.").

"Substantial evidence" is more than a scintilla, but less than a preponderance.  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  The key inquiry is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached

---

2009, was offset by $705.70, resulting in a benefit amount of $615.10.

[4] Beginning in December 2011, Plaintiff's monthly Social Security benefit was subject to a cost of living adjustment and increased to $1,067.00 per 42. U.S.C. § 415(i)(2)(A)(ii).  Tr. at 29.

3
Case No.: 5:14-cv-02197-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

by the Commissioner. Richardson v. Perales, 402 U.S. 381, 401 (1971); Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Where evidence is susceptible of more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971). Moreover, in rendering findings, the Commissioner is entitled to draw inferences logically flowing from the evidence. See Beane v. Richardson, 457 F.2d 758 (9th Cir. 1972).

### B. Pro Se Pleadings

Where, as here, the pleadings at issue are filed by a plaintiff proceeding pro se, they must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court employs "common sense in interpreting the frequently diffuse pleadings of pro se complainants." McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974).

## III. DISCUSSION

Liberally construing Plaintiff's pleadings, the court understands the issue for review to be whether the SSA correctly calculated Plaintiff's "average current earnings," which it undertook to determine the amount of SSDI payable to Plaintiff after offset for her receipt of state disability benefits. Specifically, Plaintiff argues her "average current earnings" during the relevant period is actually $4,954.64, which she believes entitles her to an ongoing monthly benefit of 80% of that amount, or $3,963.71. Accordingly, Plaintiff proposes she is owed $254,017.05 in retroactive benefits as of December, 2015.

Pursuant to 42 U.S.C. § 424a, a person who receives SSDI and state disability benefits cannot receive combined benefits that exceed 80% of her "average current earnings." Siaperas v. Mont. State Comp. Ins. Fund, 480 F.3d 1001, 1003 (9th Cir. 2007). Thus, "[w]hen a person's combined benefits exceed 80% of her pre-disability earnings, SSDI must be reduced via an 'offset.'" Id.

Under the implementing regulations, "average current earnings" is defined as the higher of the following: (1) the average monthly wage which is used to compute the disability insurance

benefit; (2) one-sixtieth of the total of the individual's wages for the 5 consecutive calendar years after 1950 for which the wages were highest; or (3) one-twelfth of the total of the individual's wages for the calendar year in which the individual had the highest wages during the period consisting of the disability onset calendar year and the 5 years immediately preceding that year, rounded down to the next lower multiple of $1.  20 C.F.R. § 404.408(c)(3)(i)(A)-(C).

Applying the rules here, both the SSA and Plaintiff agree that Plaintiff's "average current earnings" is highest under the third calculation method.  Tr. at 13, 31; Pl. Mot. Summ. J., Dkt. No. 18.  The record shows Plaintiff's highest wage in the relevant period was $19,818.56 in the year 2004.  Tr. at 20, 23.  Thus, Plaintiff's "average current earnings" are one-twelfth of $19,818.56, or $1,651.  20 C.F.R. § 404.408(c)(3)(i)(C).  And since Plaintiff cannot receive combined benefits that exceed 80% of $1,651, or $1,320.80 per month, the SSA correctly determined the "offset" when it reduced her monthly SSDI to $527.80 after accounting for Plaintiff's receipt of state disability benefits of $793.00.

Plaintiff's alternative formulation of "average current earnings" - dividing the total amount of her 2004 earnings by the number of months in which those earnings were received - is contrary to the explicit language of the regulations, which unambiguously explain the way "average current earnings" should be calculated.  20 C.F.R. § 404.408(c)(3)(i)(A)-(C).  Similarly, the Social Security Act does not support Plaintiff to the extent she argues the "offset" SSDI amount calculated under § 424a should continue even after she no longer receives other qualifying benefits.  After the state disability benefits ceased, the calculation of Plaintiff's SSDI was subject to another statute, 42 U.S.C. § 423, which bases the amount of benefits on the "primary insurance amount."  42 U.S.C. § 423(a)(2).  Accordingly, Plaintiff's estimation of retroactive benefits through December, 2015, is erroneous because it is calculated using an incorrect metric.

Since the Commissioner's decision is supported by substantial evidence in the administrative record as to the calculation of SSDI, she is entitled to summary judgment.  As a consequence, and for the reasons explained, Plaintiff's motion for summary judgment must be

5
Case No.: 5:14-cv-02197-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

denied.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment is DENIED (Dkt No. 18) and the Commissioner's Motion for Summary Judgment (Dkt. No. 20) is GRANTED.

Judgment will be entered in favor the Commissioner and the clerk shall close this file.

**IT IS SO ORDERED.**

Dated: March 25, 2016

EDWARD J. DAVILA
United States District Judge